John L. Wilson v. Commissioner.
Wilson v. Commissioner
Docket No. 83856.
United States Tax Court
T.C. Memo 1961-190; 1961 Tax Ct. Memo LEXIS 158; 20 T.C.M. (CCH) 951; T.C.M. (RIA) 61190; June 28, 1961
John L. Wilson, pro se, 4937 Chicago Ave., Chicago, Ill. James E. Caldwell, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of petitioner for the taxable year 1957 in the amount of $384. The only question for decision is whether over one-half of the support of each of petitioner's three children was received from petitioner for the year 1957. Findings of Fact Some of the facts are stipulated and incorporated herein by reference. Petitioner, John L. Wilson, was married to Agnes Wilson until December of 1957. Three children were born of this union, namely, Susan, John, Jr., and Thomas. By order of the Circuit Court of Cook County, Illinois, Agnes *159 Wilson obtained a decree of divorce from John L. Wilson in December of 1957. At the time the divorce was granted, Susan, John, Jr., and Thomas were 13, 12, and 10, respectively. The divorce decree made permanent a temporary support order against petitioner which had been in effect from the filing of the divorce complaint in September 1957 whereby he was ordered to pay $60 a month in support of his three minor children. Petitioner paid $60 a month for support of his children during the months of October, November and December of 1957 pursuant to the order of the Circuit Court of Cook County. Both petitioner and Agnes Wilson were employed throughout the entire year 1957. Petitioner filed his income tax return for the year 1957 with the district director of internal revenue at Chicago, Illinois. Petitioner in computing his taxable income for the taxable year 1957 claimed exemptions of $600 each for Susan, John, Jr., and Thomas as dependents. After the petition for divorce was filed in September of 1957, petitioner moved from the apartment he had occupied with his wife and children. After the petition was filed, Agnes Wilson, former wife of petitioner, was awarded custody of *160 the children and retained said custody for the remainder of the year 1957. Agnes paid the rent for the premises where she and her three children lived for 11 months during 1957. The rent paid by Agnes totaled $852.50. The petitioner maintained a separate residence during October, November and December of 1957. Agnes reported adjusted income of $3,555.91 for 1957. She claimed dependency exemptions for Susan, John, Jr., and Thomas for the year 1957. Petitioner reported adjusted gross income of $4,261.45 for 1957. Respondent disallowed the dependency exemptions claimed by petitioner for failure of proof that petitioner furnished over one-half of the support of each child for the year 1957. The three children of petitioner received support from petitioner in the year 1957 to the total extent of not less than $2,000. Such support included expenditures for the following: Food, clothing, shoes, three months' payment to Agnes for support of children per Court Order, haircuts, medical expense, recreation, spending money, rent allocable to children (one-half of one month's rent), laundry and incidentals. Except for a portion of 11 months' rent allocable to said children and paid *161 by Agnes, said children received substantially all of their support in 1957 from petitioner, and over one-half of the support of each of said children in 1957 was received by such child from petitioner. Opinion The only contested issue is whether or not, in 1957, more than one-half of the support of each of petitioner's three children was received from petitioner. See section 152(a) of the Code of 1954. Petitioner bears the burden of proof. We were favorably impressed by our observation of petitioner at the trial (at which he appeared pro se) and we are satisfied that he is honest and truthful. While his evidence (other than a few cancelled checks) depended upon his recollection, most of the expenditures which he made were not of the type customarily made by check or evidenced by receipts. He appeared to have a clear and orderly recollection, and we think that all of the items which he claimed to have paid were substantially correct except the item for food. He frankly admitted that he had estimated this item on the basis of an article printed in the Chicago Daily News. Although we disregarded this estimate as proof, it is clear from the evidence that he spent substantial amounts *162 for food for the children, and in our own determination, in order to be quite conservative, we have used a food figure of only $950. We think the record clearly supports the inference that the total support received by the three children from petitioner in 1957, as set forth in our findings, was not less than the amount of $2,000. Susan is an epileptic, and, because of her condition, required medical expenditures not required by the two other children. The extra amounts claimed to have been paid out for her, however, did not exceed $110. Except for this item, the record supports the inference that the amounts expended by petitioner for each child was approximately the same. The only amounts received by each child for support other than the support received from petitioner were a few minor items paid by Agnes, a few presents from Agnes' mother, and the amounts allocable to each child on the basis of payment by Agnes of rent for 11 months, her total rent payments being $852.50 in 1957. Even if we allocated as much as two-thirds of the total rent ($568.34) to the three children as having been received from Agnes, or $189.49 to each child, it is quite apparent from the record that *163 the amount of support received by each child from petitioner was well over one-half of the total support of such child for 1957. Respondent, on brief, would have us consider an item of $520 which Agnes deducted on her 1957 income tax return for child care. The return in question was attached to the Stipulation as Exhibit 2-B. We need not consider the question of whether the exhibit is evidence of actual payment of such an amount by Agnes for such purpose or merely evidence that she deducted such an amount on her return because acceptance of the item for either purpose would not alter our ultimate conclusion. Decision will be entered for petitioner.